[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 DATE OF SENTENCE: 19 July 1994 DATE OF APPLICATION: 19 July 1994 DATE APPLICATION FILED: 25 July 1994 DATE OF DECISION: 28 February 1995
Application for review of sentence imposed by the Superior CT Page 3556 Court, Judicial District of New London at New London. Docket #CR10-215742, 215898, 216439.
Raymond T. Trebisacci, Esq., for the Petitioner.
John Gravalec-Pannone, Esq., for the State of Connecticut.
BY THE DIVISION
The record shows that the petitioner pled guilty to two counts of Sexual Assault 1st degree in violation of Conn. Gen. Stat. § 53a-70(a); two counts of Sexual Assault 2nd degree in violation of Conn. Gen. Stat. § 53a-71; one count of Sexual Assault 4th degree, in violation of Conn. Gen. Stat. § 53a-73a
and five counts of Risk of Injury to a Minor, in violation of Conn. Gen. Stat. § 53-21. The court imposed a sentence of 20 years, execution suspended after 11 years with five years probation with conditions of no contact with the victims; no unsupervised contact with children under the age of eighteen years, counseling/treatment as deemed necessary and restitution to the victims for out-of-pocket expenses. The record indicates that the petitioner took hundreds of nude and semi-nude photographs of his two stepdaughters and her friend. During the investigation it was revealed that the petitioner and his wife engaged in sexual activities with the stepdaughter.
The victim in the second file was a friend of the stepdaughter who indicated that she was photographed, fondled, made to perform oral sex, received oral sex and partook in sexual intercourse with the petitioner and his wife.
Counsel at the hearing and in his brief claims that the sentence imposed by the court was disproportionate and should be lowered by the panel. Counsel claims to the panel that the petitioner has never denied his guilt; he is remorseful for his acts; that he has a very minor criminal record; he would be amenable to sex offender treatment; he has been a productive citizen and that he suffers serious medical CT Page 3557 complications that actually converts his sentence into a death sentence. Counsel pointed out that the petitioner has not received any treatment while in prison and that his sentence has not served any rehabilitative purpose. The attorney argued that the co-accused wife received a sentence of eighteen months to serve and that sentence was too severe a departure from the time the petitioner received and based upon that disparity the petitioner's sentence should be lowered. The petitioner, when he spoke to the panel, begged for consideration.
The attorney for the state pointed out that the petitioner had over 200 hundred years exposure based upon the crimes he admitted. Counsel noted that this was a sophisticated sexual operation which included computers, photographs, vibrators and other adult sexual paraphernalia. He noted the severe psychological damage to the children/victims and the fact that each child now has to build and reconstruct their lives. Counsel felt that the sentence imposed was the minimum for the crimes and urged this panel to affirm them.
In reviewing the remarks of the sentencing court we find a balanced consideration of the different sides before the court. The court understood the good attributes that the petitioner exhibited prior to these criminal acts; the petitioner's work history and his military and political contributions. The court also applied to the sentence the fact that the petitioner admitted his guilt and took responsibility for his heinous acts.
In his evaluation the court noted that the petitioner abused the trust of children and that such abusement can destroy children's lives. Finally the court felt that such a serious crime required a serious sentence with the hope that the sentence imposed would act as a deterrent to those contemplating such acts.
In reviewing the sentence imposed by the trial court in accordance with P.B. 942, we find that in light of the nature of the offenses, the deterrent effect of the sentence and the mandate to protect the public from such crimes that the sentence meted out by the court to be fair and appropriate. The panel is aware that the wife of the petitioner received a much lesser sentence in this tawdry matter. Since the same trial judge imposed both of the sentences we find that the CT Page 3558 imposition of a different sentence to two parties convicted of the same crimes to be insufficient by itself to cause the panel to lower the sentence of the petitioner when we find that the sentence in chief was imposed properly. The sentence is affirmed.
Norko, J. Stanley, J. Klacak, J.
Norko, J., Stanley, J. and Klaczak, J. participated in this decision.